IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 09-cv-02982-LTB-KLM

GREGORY D. MCCAIN,

        Plaintiff,

v.

KIRK M. TAYLOR (individually and in his official capacity as Sheriff of Pueblo County) and THE PUEBLO COUNTY SHERIFF'S DEPARTMENT,

        Defendants.
_____

ORDER
_____

This matter is before me on a Motion for Leave to File Amended Answer [**Doc #17**] filed by the Defendants, Kirk M. Taylor, individually and in his official capacity, and the Pueblo County Sheriff's Department. Plaintiff, Gregory D. McCain, opposes this request. Oral arguments would not materially assist me in the determination of this motion. After consideration of the parties' arguments, I GRANT the motion.

## I. BACKGROUND

In this lawsuit Plaintiff asserts that Defendants wrongfully demoted him because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et. seq.* ("ADEA"). Plaintiff filed his complaint on December 22, 2009, and Defendants filed their Answer on March 8, 2010. In this motion, Defendants seek leave to amend that answer in order to assert a new defense. Specifically, they seek to assert that the "personal staff" exemption applies in this case, pursuant to 29 U.S.C. § 630(f), and, as a result, Plaintiff was not an "employee" as defined by the ADEA.

## II. ANALYSIS

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires" and, as such, "refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West*, Inc. 3 F.3d 1357, 1365 (10th Cir. 1993); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Plaintiff objects to the request for leave to amend on the basis that such request is not timely. In the Tenth Circuit, untimeliness alone is a sufficient reason to deny leave to amend. *Frank v. U.S. West*, *supra*, 3 F.3d at 1365 (citations omitted). Moreover, "[w]here the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Id.* at 1365 (*quoting Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990)). Plaintiff claims that Defendant had 133 days – from January 1, 2010 through May 13, 2010, the date Defendants' counsel advised Plaintiff's counsel of their intention to amend the answer – to discover this defense, and that their only excuse was that they had not done the requisite legal research. Plaintiff asserts that this constitutes "undue delay" and that the information and defense they seek to assert now was available at the time they filed there answer. As such, Plaintiff asks that I do not grant leave to amend.

I am unpersuaded by Plaintiff's arguments. First, I do not agree that a delay of 133 days is undue. There is no evidence that failure to raise the defense was in bad faith and while the facts might have been available at the time of the answer, Plaintiff's counsel was apparently not

aware of the availability of the defense until after doing additional research on the law. More importantly, Defendants' motion to amend was filed prior to the deadline set forth in the scheduling order to amend pleadings. Plaintiff has not argued that he is prejudiced by the amendment at this very early stage in the litigation.

Finally, Defendants seek to assert this defense in an abundance of caution to comply with Fed. R. Civ. P. 8(c) as the Fifth Circuit has ruled that the "personal staff" exception constitutes an affirmative defense. *See Oden v. Oktibbeha County, Mississippi*, 246 F.3d 458, 467 (5th Cir. 2001). In this regard I note that although Fed. R. Civ. P. 8(c) requires a defendant to set forth affirmative defenses in his or her answer, the Tenth Circuit has held that in the absence of a showing of prejudice, an affirmative defense may be raised for the first time at summary judgment. *Ahmad v. Furlong*, 435 F.3d 1196, 1201 (10th Cir. 2006); *Ball Corp. v. Xidex Corp.*, 967 F.2d 1440, 1443 (10th Cir. 1992).

Fed. R. Civ. P. 15(a) has consistently been interpreted – in the light of the policy which favors the resolution of claims on the merits rather than on procedural grounds – to require that amendments be freely allowed in the absence of a narrowly defined set of exceptional circumstances. *Arkansas-Platte & Gulf Partnership v. Dow Chemical Co.*, 886 F.Supp. 762, 765 (D. Colo. 1995); *see also Foman v. Davis*, *supra*, 371 U.S. at 182. As such, I conclude that Defendants may amend their answer in this case as requested.

ACCORDINGLY, I GRANT Defendants' Motion for Leave to File Amended Answer [**Doc #17**] and ORDER Defendants to re-file the Amended Answer attached to their motion.

3

Dated: June 17, 2010 in Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE